Good morning, your honors. May it please the court I'm William Cope for the Appellant Mr. Martinez. The I intended to try to reserve two or three minutes for rebuttal if I'm able to. There's two things. One I'd like to just point out an error in my opening brief. On page 32 I wrote that the guidelines offense level was increased from 36 to 39 due to the role in the offense. That is an error that I did not repeat on page 33 when I correctly stated that it was increased to 36. And I think all my other numbers and calculations are correct based on 36. But I wanted to apologize for that error. The only issue that I wanted to add something to other than try to answer questions on my briefs that the panel may have, is the third issue regarding the district court's sort of non-treatment or non-discussion or consideration of the very unusual fact that the attorney for the lead conspirator in this case, George Martinez or Jorge Martinez, visited my client over 20 times and sort of the unrebutted allegations at the time of sentencing are that he really manipulated this appellant into not cooperating, not doing what he might have done with the government when he was. What's the remedy for that counsel? Your Honor, the remedy for that is this, that the district court can consider that and determine how it may be a mitigating factor. Now, the reason that I have raised it is because at the time that the appeal was filed, Jorge was not sentenced. And it seems by all accounts that. But a mitigating factor, this was a plea agreement. Yes, Your Honor. Okay, are you arguing that it was not voluntary, that it was not knowing? Absolutely not. No, I'm only arguing that the district judge should have considered it and said that he considered it and how in determining whether under 3553A, this was part of the defendant's personal characteristics and history. And the. I agree with you, it looks like it's utterly reprehensible and perhaps there ought to be some sanction against the attorney who did this. But I don't see how that excuses your client. Your Honor, I don't think any 3553A factor is an effort to excuse the client. I think it's a question of whether the district court is required to advert to how it may affect the appropriate sentence. What did the district court say was its reasons for picking the bottom of the guideline range? Your Honor, I have, I can tell you that the court said on seven different pages, and I think I have the citations to those pages here, that it was everything but this consideration. I can tell you that the district court never at all addressed this issue in determining what the bottom, why it should be the bottom of the range. One of those was the family situation, but, and it never said this defendant would have been more help to the government had it not been for the manipulation by his brother's attorney, nor that he was in fact less culpable because he was so clearly under the control of his older brother. But counsel, there are lots of references in the plea agreement, in the colloquy with the judge, indeed all over the record, on things totally unrelated to what the brother said that indicates that your client was a leader in some respects. How can you, I guess what I'm saying is, aside from the conduct of counsel, in what way was your client actually harmed by this, given the amount of evidence that suggested his leadership role elsewhere in the record? Your Honor, it's not, in my view, it's not a question of whether he might have been a leader, but how culpable he was in the scheme of the case. In other words, the government's told the district court, and it's in the government's brief here, page 52, that the codefendant's guideline range was 292 to 237 months. And the appellant's, the government recommended that the appellant here be sentenced at the low end of what it argued the guideline range was, which was 188 months. That's more than 100 months difference in the low end. And between 8.5 and 10.5 years difference in terms of the analysis of these two defendants under the guidelines based on their relative parts in this crime. But I now know, and I've been unable to ask for judicial notice because it's a sealed record, but I've spoken with the United States Attorney, I now know what the codefendant received as a sentence. And it just underscores the unfairness of the way the judge treated these two defendants. And almost certainly the reason for it is that the codefendant was able to manipulate his younger brother into not getting any benefit for substantial cooperation, and he got it all. So what's your- The government argues that the timing really didn't matter. It was the substance of what your client had to offer was just not of use to the government. That's the argument I'm making. Yes, Your Honor, the government does make that argument, but I don't necessarily think that was the district court's analysis because the district court didn't say anything about this. But if we look at the timing, the government says the first time that the appellant here really came in and gave close to an honest and helpful proffer was for the safety valve effort, which I've addressed elsewhere and we know why the judge did not award my client the safety valve having to do with the role in the offense. But the allegation here is, and I think it's undisputed, that because of the influence and the pressure from the older brother, the higher defendant, this defendant didn't come forward and give cooperation at an earlier time. So that by the time the codefendant went to trial, and we know this from this record, Jorge was a star witness against one of the co-conspirators who went to trial. And the judge and the government rely heavily on Jorge's testimony in order to show the culpability of his little brother. But he prevented my client, the little brother, from going and honestly telling the government what the facts were from his point of view in terms of the culpability. Why was that in Jorge's interest? Why was it in Jorge's interest? I'm sorry. Why was it in Jorge's interest not to have your client, Humberto, come forward and talk to the government? Because he was... It made him relatively more valuable as a witness? Well, it made Jorge the only witness that was valuable enough. I mean, this is a really upside down case from some point of view. The person who the government says should be looking at 327 months, which is a huge sentence, is allowed to be a cooperating witness and testify against anyone who won't plead guilty. My client... Let me still get back, though, to the fact that your client, according to the record, was not cooperative, did not tell the truth. In the pre-sentencing report, he did not dispute the fact that he was, in effect, in charge. In the plea agreement himself, he admitted to being in charge. And then, of course, you have the brother's testimony. So the district judge certainly had plenty on which to rely, independent of what the counsel did when he visited your client, to suggest that a difference in sentencing was appropriate, didn't he? Between my client and his brother? And the difference wouldn't have been that my client should get a sentence equal to or almost as great as his older brother, who was more culpable. I mean, the difference should have been my client would have gotten a lower sentence. Well, only if the district judge believed what you're telling us right now. The record, though, would substantiate what the district judge did in finding your client more culpable. Well, Your Honor, I don't think the district judge did find my client more culpable. And I don't think anyone, including the government, has ever maintained that my client was not less culpable than Jorge, who was the leader of this conspiracy. And, you know, Your Honor, your comments or your questions sort of suggest a little bit of an ambiguity in the record that I'd like to address briefly. And I'm noticing my time here. At the time of the plea colloquy, the government did not recite that this defendant was a leader in the cocaine conspiracy, only that he filled in for his brothers in related to drug materials in his absence, or he assisted his brother. In paragraph 10C, it's more explicit, but where there are details in the plea agreement, it talks about his leadership in the marijuana conspiracy. And essentially what we have is almost two separate conspiracies who happen to be headed by brothers. And my client is alleged to have filled in for the older brother when the older brother couldn't be there in the cocaine conspiracy. So instead of getting the, I mean, the defense argued at the district court, and I don't think there's a guidelines rationale for this or I would have, that his leadership really is in connection with marijuana, which is what he had a leadership role in. But because his base offense level was based on cocaine, he ended up three levels higher, which would have been the difference. But it sort of is off the point that I'm asking the court to consider, which is what should the district court have considered in terms of disparity between these two defendants? And I think that when you have a guideline sentence for my client of 188 months or at the low end, and a guideline sentence for his brother of 292 months, there's nothing that the more culpable defendant should be able to do in the mind of a district judge who's adverting to the 3553A factors in terms of my client's history and characteristics that should allow their sentence to be anything close. And I know now what their sentences are. In fact, now that I have official information,  by a Rule 28J letter or by some means. And I'd be happy to disclose it with the permission of the government. I only have 29 minutes. I'd like to reserve that for rebuttal. You're actually over your time, counsel. Oh, I'm over. I apologize. Well, I would still request a minute for rebuttal if I can. Good morning. May it please the court. My name is Rob Velezza and I represent the United States. I was also counsel during the proceedings below. I will also start with the third issue raised by defense counsel. But on his last point, he brought up George Martinez's sentence. If the court is interested, I'll be glad to disclose that to the court. It's not in the record. But George Martinez received 200 months in prison. He had a guideline range of 297 to 327 months. But he got 200 months in prison because it took into account the government's 5K1.1 motion based on his cooperation that Judge Ruttero granted. And so his sentence was about 12 months more than Humberto Martinez's sentence. Was Humberto's sentence in accord with the plea agreement? Yes, Your Honor. It was. So he got basically what he bargained for. He got precisely what he bargained for under the offense level calculation set forth in the plea agreement. In fact, as the government recommended, he got the low end of the sentencing range of 188 months. With respect to the third issue, the bottom line is this. Humberto Martinez had two proper sessions with the government. He came in. He gave some information. But he was not completely candid and did not provide useful information. How early was that? Was that late in the game after Jorge was already? It was in early 2005. Humberto Martinez was eventually sentenced in July of 2006. So we're talking about at least a year before he was sentenced, he came in and spoke to the government and had several proper sessions. The government advised counsel that he was not going to move on a cooperation agreement because the government felt his cooperation was not useful, it was not completely candid. And when Humberto Martinez retained new counsel, David Haig, David Haig said, you know what, I'd like to bring in my client for a safety valve meeting. There were these claims that Jorge Martinez, the lead defendant, his counsel, had spoken to him. And so we said, sure, not a problem. If he has additional information that he felt he was unable to give during his proper sessions because of some message or communication by his brother, we would gladly listen to him and let him say whatever he wants to tell us that he felt unable to do in the first two proper sessions. When he was brought in during a safety valve meeting, he practically added nothing to his proper sessions of the information that he provided in the first two proper sessions. Now, how was this point revealed to the district judge? We briefed that issue in our sentencing position and we advised counsel. It was not only in our sentencing pleadings. We advised counsel. Certainly, the defendant had a chance to respond to it. The defense did not object to the government's claims regarding the substance of the proper sessions. In fact, there was no mention at all by defense counsel or by the defendant regarding the representations made by the government regarding the safety valve meeting. The opposing counsel makes much of the difference between the sentencing for the cocaine conspiracy and the marijuana conspiracy. Even if there had just been the marijuana conspiracy, if the district judge, in his discretion, concluded that Humberto played a leadership role, it was still in his discretion to deny safety valve treatment, right? If the court found that the defendant did not have a leadership role, the defendant then would probably qualify for safety valve because he had... But I'm saying, assuming that his leadership role, as conjectured by your opposing counsel, was primarily in the marijuana area. Yes. My question is, if it were just that, it isn't, but if it were just that, wouldn't the district judge still have had the discretion to deny safety valve treatment based solely upon the marijuana case? Yes, Your Honor, because the defendant would then not qualify for the fourth requirement, which is not to have a leadership role. One of the objects of the conspiracy charged in the fourth superseding information which the defendant played guilty was to distribute marijuana. And that was undisputed. The defendant had admitted that he was in control of marijuana operations entirely because his brother, George Martinez, had taken over cocaine operations. And the issue that defense counsel raises is when Mr. Martinez, George Martinez, was not available when he was in Mexico to run cocaine operations, Humberto Martinez was left in charge. Nevertheless, when it came to marijuana operations, the second object of the conspiracy, he was completely and entirely in charge. That's a fact not in dispute by the defense. In fact, completely admitted by defendant. The one point defense counsel also makes is that the government did not cite the defendant as a leader during the course of the plea colloquy. Well, it's not something that was never in dispute because it was clearly specified in his plea agreement that the defendant was in charge of operations, of marijuana operations in the plea agreement. And during the course of his proffer sessions, he admitted that he was in charge of marijuana operations entirely and George Martinez was in charge of cocaine operations. But he was left in charge when George Martinez was unavailable. Those were facts that were presented to the district court, not objected to by the defense. Evidence was presented to those facts in the form of the defendant's admissions, the plea agreement, the plea colloquy, the wiretap transcripts, the defendant's proffer statements, the co-defendant's proffer statements, as well as the, I think I covered it all on those particular points. The bottom line is the evidence was overwhelming regarding the defendant's leadership role in the offense and since he didn't meet the fourth requirement, he certainly would not be entitled to safety bail. If I can also point to one mistake that I made in my opening brief and that was a reference that defense counsel correctly pointed out, in footnote nine, he said in reference to the Riley factors. And the Riley factors are the ones in which the court will decide whether or not the applicable burden of proof is preponderance of the evidence or clear and convincing evidence when deciding whether an enhancement applies. One of the points that I made in footnote nine was that the defendant, without the enhancement, his sentence would be 87 to 108, 108 months. That was not correct. Actually, his guideline range would be, without the enhancement, 108 to 135 months. The reason why that's significant is because under the fourth factor of the Riley test, it says that if the enhancement is less than four levels or results in an enhancement of no more than four levels, then, I'm sorry, if, I'm sorry, it's the fifth factor, and that is, if the enhancement doesn't result in more than double the sentence, then it's another factor for the court to decide whether or not the preponderance or the clear and convincing evidence standard applies. Since the unenhanced sentence or the unenhanced guideline range would be 108 to 135 months, it would clearly be less than the 188 months that he actually received. Does the requirement of clear and convincing survive the most recent developments in sentencing? I believe it probably blurs the issue a little bit more. We're supposed to review for reasonableness now if whether that changes the burden of proof or not, I don't know. And whether it does or not, it probably doesn't make a whole lot of difference in this case, and the reason why is whether you apply preponderance or clear and convincing evidence, the amount of evidence that was before the district court is overwhelming and uncontradicted. So regardless of the standard of proof that applies in this case, there is nothing to require the reversal of the district court's claim. Should the district court have taken into account interference by George Martinez's attorney? And again, that was fully briefed before the district court, although the court didn't speak specifically in addressing the 3553 issue. Both sides specifically addressed it both in the briefs and during argument and sentencing. And the bottom line was this, that even though the defendant made that claim, when he was given the chance to provide whatever information or provide whatever cooperation, he felt that he was unable to do so before, he did not. And we pointed that out to the district court. So the bottom line, there was nothing that he had offered that he was unable to offer before. If there's any other questions, I'll submit on that. Thank you. Thank you, counsel. Penny, I'll give you a minute. Thank you. Very kind. I'm going to try to hit four points with a few seconds each. At page 74 of the excerpt of record, the only comment during the plea colloquy about the role in the offense is the government's statement. And from time to time when George Martinez was not available, Humberto would assist George Martinez in his drug operations. That's the only thing that was said at the time that my client entered the plea on the record of the plea hearing. The defendant got what he bargained for, but the issues on this appeal really have to do with those things which were not resolved by the bargain. That is, whether or not the role in the offense was shown and by what standard and then to what extent under 3553A the judge at least had to consider this other issue. In response to Judge Canby, to your argument, there is a concurring opinion by Justice Scalia in the Gall case that says something like this, and I don't have an exact quote, but the Gall case is 128 Supreme Court 586 and the concurring opinion that I'm referring to is 602 to 603. Judge Scalia said a defendant, it is open now whether a defendant could still attack a sentence because his sentence, within or without the guideline range, was based on a fact that was determined by the judge rather than by the jury. Now, this is a plea situation, so I would read that to mean rather than by the jury or by admission or plea, something that was admitted to be true beyond a reasonable doubt in the plea agreement, although that is perhaps beyond the scope of your question, that is what I think is one of the most recent statements on this issue. The Ninth Circuit, as far as I know, has not at all changed its clear and convincing evidence rule and I don't know of any case that holds that it must in fact be double the number of months because the cases we cited, I think it's the Stanton case and I'll end with this, there the court said it really is a question of whether the consideration of a particular issue turns out to have an extremely disproportionate impact on the sentence and depending on where you are on the guidelines table and where you are in criminal history, four levels or three levels can have an enormous impact and in this case, it seems to me that those levels that were dependent on the judge's determination of role had a potentially five level impact. But that's only, you have to assume that he's entitled to safety valve to get where you're talking about, right? Well, the judge did say that the only disqualifying factor was the role. There was another, but the judge discounted it. Right, but what I'm saying is because the judge in his discretion said he wasn't entitled to it, your argument doesn't prevail on that and your opposing counsel made it clear that even if the conspiracy regarding cocaine didn't exist, there are all kinds of admissions of leadership role which in and of themselves would have been sufficient for the district judge to deny safety valve treatment. Right? Your Honor, I don't think the judge denied safety valve in his discretion. I think the judge found that he was not legally entitled to it because of the role. So I don't think it's a discretionary thing and if the role determination was found by the wrong burden of proof, then that's why I raised the issue on the appeal. In terms of what the difference would have been had the judge not given safety valve, the role still had a 50-50 month difference at the low end because then it was there between 33 and 36 months with the safety valve it was an 80 month difference at the low end. And I'm certainly not arguing that the judge could not have given a much higher sentence under his powers under Booker in terms of discretion. But in terms of applying the guidelines, if in answer to Judge Canopy's question, the burden of proof issue is still the law of the circuit, then the district court is required to follow the correct burden of proof before it makes a finding that under the guidelines a person is not eligible for the role and therefore I mean it's not eligible for a safety valve based on a role that was found by preponderance. If it has this kind of a disproportionate impact, at least that's the outline of my argument. Didn't the judge make a comment that even if he weren't found to be a leader, he would not give him a safety valve? Your Honor, I couldn't find that. I found a very similar comment that said that the judge found the evidence that supported his ruling, his ultimate sentence, to be overwhelming. And I think I could read that in that way, but I couldn't find language that said he would not give the safety valve if he was not a leader. But at least I looked for that before preparing. Thank you very much for your time. We thank both counsel. United States v. Martinez is submitted. Next case is Love Korean Church v. Chertoff. Are you going to submit these two? Yes. Mr. Kim?
judges: Canby, Bybee, Smith